# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

WILLIE MICHAEL JAMES,      )
                                 )
     Movant,              )
                                 )     No. 3:13-01191
v.                            )     Senior Judge Haynes
                                 )
UNITED STATES OF AMERICA,  )
                                 )
     Respondent.      )

## MEMORANDUM

Movant, Willie Michael James, filed this pro se action under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his conviction and sentence for armed bank robbery and using or carrying a firearm during and in relation to a crime of violence, for which he received an effective sentence of 154 months. The Court later granted Movant's motion for appointment of counsel and appointed the Federal Public Defender, giving appointed counsel sixty days to file an amended motion, if necessary. (Docket Entry No. 4). Movant's counsel filed a notice (Docket Entry No. 8), notifying the Court of counsel's intent to rely on Movant's pro se motion and memorandum. Movant's counsel summarized Movant's argument as raising two interrelated issues: "(1) whether the Supreme Court's recent decision in Alleyne v. United States, 133 S. Ct. 2151 (2013) applies to the facts of Mr. James's case, and (2) whether Alleyne provides retroactive relief to petitioners such as Mr. James." Id.

  Movant asserts that "[a]n intervening change in law establishes Petitioner's actual innocence in brandishing the firearm during the commission of the bank robbery" as "[b]randishing, as an element of the offense, was not charged in the Petitioner's Indictment, establishing actual innocence." (Docket Entry No. 1 at 4). Movant also asserts, in a letter dated July 14, 2016, that the

Court construes as a motion to amend to include a claim under <u>Johnson v. United States</u>, -U.S. -, 135 S.Ct. 2551 (2015) where the United States Supreme Court held that the Armed Career Criminal Act's residual clause is void for vagueness in violation of the Fifth Amendment, that his conviction for armed robbery is not a crime of violence under <u>Johnson</u>.

On April 21, 2005, a federal grand jury indicted Movant in a superseding indictment with two counts of bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) and 2, and two counts of using or carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1) and 2. (Criminal No. 3:04-cr-00183-1, Docket Entry No. 3). On October 28, 2005, Movant pled guilty to Count One, bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and Count Two, carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). <u>Id</u>., Docket Entry Nos. 27-28. Count One charged, in part, that Movant "aided and abetted by each other, by force and violence, and by intimidation, did take from the person and presence of another . . ." <u>Id</u>., Docket Entry No. 3. Count Two did not charge brandishing as an element of the offense. <u>Id</u>. At the January 20, 2006 sentencing hearing, the Court sentenced Movant to 70 months on the armed robbery count and 84 months on the firearm count to run consecutively, for a total sentence of 154 months. <u>Id</u>., Docket Entry Nos. 34 and 38.

An evidentiary hearing in a Section 2255 proceeding is not required if the record conclusively establishes that a movant is not entitled to relief. <u>Arredondo v. United States</u>, 178 F.3d 778, 782 (6th Cir. 1999); Rule 8, Rules Governing Section 2255 Proceedings for the United States District Courts. Thus, an evidentiary hearing is not required if "the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" <u>Arredondo</u>, 178 F.3d at 782 (quoting <u>Engelen v. United States</u>, 68 F.3d 238,

2

240 (8th Cir. 1995)). Also, where the court considering the § 2255 motion also conducted the plea and sentencing hearings, that court may rely on its recollection of those proceedings. Id. ("Where . . . the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial.").

Under Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court must consider the "answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Such materials may include "letters predating the filing of the motion, documents, exhibits, and answers under oath to written interrogatories propounded by the judge," as well as affidavits. Rule 7(b), Rules Gov'g § 2255 Proceedings. Upon consideration of Movant's filings, the Court finds that there are no evidentiary issues to be resolved and that an evidentiary hearing is not required. The Court will dispose of the motion without a hearing. Rule 8(a), Rules Gov'g § 2255 Proceedings.

For relief under § 2255, a prisoner must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the Court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion asserting constitutional error, a movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999) (citing Brecht v. Abrahamson, 507 U.S. 619, 637-638 (1993)). To prevail on a § 2255 motion asserting non-constitutional error, the movant must show a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts

to a violation of due process." Id. (quoting United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) citing Hill v. United States, 368 U.S. 424, 428 (1962) (internal quotation marks omitted)).

In Alleyne, the defendant was charged with multiple federal crimes, including robbery affecting interstate commerce, 18 U.S.C. § 1951(a), and using or carrying a firearm in relation to a crime of violence, § 924(c)(1)(A). 133 S. Ct. at 2155. The jury found that the defendant had used or carried a firearm during and in relation to a crime of violence, but did not make a finding that the defendant brandished the firearm. Id. at 2156. At sentencing, the defendant argued that because the jury did not find brandishing beyond a reasonable doubt he was subject only to the five year minimum for using or carrying a firearm. Id. The district court determined that brandishing was a sentencing factor that the court could find by a preponderance of evidence and sentenced the defendant to the seven year mandatory minimum on the § 924(c) count. Id.

The Supreme Court stated that "[f]acts that increase the mandatory minimum sentence are . . . elements and must be submitted to the jury and found beyond a reasonable doubt." Id. at 2158. The Supreme Court concluded that "[b]ecause the finding of brandishing increased the penalty to which the defendant was subjected, it was an element, which had to be found by the jury beyond a reasonable doubt. The judge, rather than the jury, found brandishing, thus violating petitioner's Sixth Amendment rights." Id. at 2163-64.

The Sixth Circuit, however, has held that "Alleyne does not apply retroactively to cases on collateral review." In re Mazzio, 756 F.3d 487, 491 (6th Cir. 2014). Here, Alleyne was decided long after Movant's conviction became final and does not apply retroactively to this action on collateral review.

As to Movant's <u>Johnson</u> claim, the Sixth Circuit has held that <u>Johnson</u> does not apply to §

924(c) convictions.  <u>United States v. Taylor</u>, 814 F.3d 340, 375–79 (6th Cir. 2016).  Therefore,

<u>Johnson</u> does not apply.  Further, in <u>United States v. McBride</u>, 826 F.3d 293, 295 (6th Cir. 2016), the

Sixth Circuit held that "[b]ank robbery by 'force and violence' plainly involves 'the use, attempted

use, or threatened use of physical force.'"  As to bank robbery by "intimidation," the Sixth Circuit

held that "[a] taking by intimidation under § 2113(a) . . . involves the threat to use physical force."

<u>Id</u>. at 296.  Here, Movant pled guilty to Count One of the superseding indictment alleging bank

robbery "by force and violence, and by intimidation."  (Criminal No. 3:04-cr-00183-1, Docket Entry

No. 3).  Therefore, <u>Johnson</u> does not apply.

Accordingly, the Court concludes that Movant's motion to vacate, set aside, or correct his

conviction and sentence should be denied and this action should be dismissed with prejudice.

An appropriate Order is filed herewith.

**ENTERED** this the ___ day of January, 2017.

WILLIAM J. HAYNES, JR.
Senior United States District Judge

5